UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L&M Development Corporation of S.D., <br><br> Plaintiff, <br><br> v. <br><br> James Gregory, Rowena Gregory, Does 1 to 10, inclusive, <br><br> Defendant. | Case No.: 19cv1940-CAB-BGS <br><br> **ORDER SUA SPONTE REMANDING TO STATE COURT** |

On August 15, 2019, Plaintiff L&M Development Corporation of SD, filed a verified complaint for unlawful detainer against Defendants James Gregory and Rowena Gregory in San Diego County Superior Court. [Doc. No. 1-2.] On October 7, 2019, Defendants James Gregory and Rowena Gregory, proceeding *pro se*, removed the action to this court. [Doc. No. 1.] After reviewing Defendants' notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. Therefore, for the following reasons, the Court **REMANDS** this action to state court.

<u>DISCUSSION</u>

A suit filed in state court may be removed to federal court by the defendant or defendants if the federal court would have had original subject matter jurisdiction over

that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The existence of federal jurisdiction must be determined on the face of the plaintiff's complaint. See *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). A well pleaded complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). The Court may remand sua sponte or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. See *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988), citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

Generally, subject matter jurisdiction is based on the presence of a federal question, see 28 U.S.C. § 1331, or on complete diversity between the parties, see 28 U.S.C. § 1332. Defendants allege that federal questions have been raised by their answer to the complaint. [Doc. No. 1 at 2.] The Court, however, must consider sua sponte whether jurisdiction actually exists. See *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider sua sponte whether it has subject matter jurisdiction). Here, federal question jurisdiction is absent because no "federal question is presented on the face of plaintiff's properly pleaded complaint.*"* *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law. *See Federal Nat. Mortg. Ass'n v. Enshiwat*, 2012 WL 683106, at *1 (C.D. Cal. March 2,

2012) ("Unlawful detainer actions are strictly within the province of state court") (quotations omitted); *Galileo Fin. v. Miin Sun Park*, EDCV 09-1660 PSG, 2009 WL 3157411 (C.D. Cal. Sept. 24, 2009) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.") Likewise, here, the face of Plaintiff's complaint makes clear that no basis for federal question jurisdiction exists.

In addition, diversity jurisdiction is absent. For a federal court to exercise diversity jurisdiction, the amount in controversy requirement must be met. See 28 U.S.C. § 1332(a). Plaintiff's complaint clearly demonstrates that the amount in controversy does not exceed $75,000, exclusive of attorneys fees and costs, as Plaintiff seeks limited civil damages totaling less than $10,000. Thus, diversity jurisdiction is lacking.

## CONCLUSION

Based on the foregoing, the Court lacks subject matter jurisdiction over this matter and therefore **REMANDS** the case to state court. Defendants' motion to proceed in forma pauperis [Doc. No. 3] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: October 8, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge